**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **ASPLUNDH TREE EXPERT CO.,** | |
| **Plaintiff,** | |
| **v.** | **1:06-cv-432-WSD** |
| **EMERITIS LLC,** | |
| **Defendant.** | |

**ORDER**

This matter is before the Court on Defendant Emeritis LLC's ("Defendant" or "Emeritis") Motion to Dismiss [8].[1]

## I. BACKGROUND

This is a dispute arising from consulting work that Plaintiff Asplundh Tree Expert Co. ("Plaintiff" or "Asplundh") hired Defendant to perform in connection with Plaintiff's implementation and installation of human resources management

---

[1] The parties have filed a Joint Motion and Combined Memorandum for Oral Argument on Motion to Dismiss [18]. Local Rule 7.1E provides that motions are decided without oral hearings unless ordered by the Court. The Court does not need further presentations from the parties and the motion is DENIED.

software (the "Project").[2] The parties entered into a Master Services Agreement ("the Agreement") for Defendant to perform work on the Project. A Statement of Work (the "SOW") described the work that Defendant was contracted to perform. Plaintiff claims the Project was not completed as promised or in accordance with the schedule for the Project, and it terminated the Agreement. Asplundh seeks damages for Emeritis' breach of contract, negligent misrepresentations and fraud. (Compl. [1], at 19-25.)

Emeritis moves to dismiss the Complaint arguing the claims should be dismissed pursuant to Rule 12(b)(6) because:

1. Plaintiff did not give Defendant notice of its alleged default under the Agreement, thus barring Plaintiff's breach of contract claim;

2. Plaintiff did not allege in the Complaint facts sufficient to show it reasonably relied on the misrepresentations alleged in its negligent misrepresentation and fraud claims,

---

[2] Plaintiff moved for leave to file a Sur-Reply Memorandum in Opposition to Defendant's Motion to Dismiss [17]. Sur-Reply are not anticipated by the Court's local rules, but because the Motion is unopposed, it is GRANTED.

thus the misrepresentations are not legally sufficient to support a claim for fraud or negligent misrepresentation; and

3. Plaintiff's claim for punitive damages is barred by the Agreement.

Asplundh argues the Complaint is adequate, that notice was given or was not required, that it alleged specific factual representations on which it relied, and that its claim for fraud supports an award of punitive damages.

## II. DISCUSSION

Defendant requests the Court to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The law in this Circuit governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled. Dismissal of a complaint is appropriate only when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In deciding a motion to dismiss, "the court limits its consideration to the

pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citations omitted). Applying these principles, the Court will address Defendant's arguments in support of its motion to dismiss.

1. *Breach of contract claim*

Defendant's argument is straight-forward. It claims Plaintiff "failed to give written notice [of default] as required by the Agreement and therefore cannot enforce the agreement." (Def. Memorandum in Support of its Mot. to Dismiss ("Def. Mem.") [8], at 1.) Plaintiff argues it adequately has alleged a breach of contract, that it substantially complied with the notice requirements of the Agreement, and even if it did not provide the specific notice required by the Agreement, the circumstances here did not require the notice prescribed by the Agreement to be given.

Both parties rely on Lager's, LLC v. Palace Laundry, Inc., 247 Ga. App. 260 (2000), in support of their respective arguments regarding whether the notice provision of the contract and Plaintiff's alleged failure to comply with it requires Plaintiff's breach of contract claim to be dismissed. In Lager's, the Court of Appeals considered whether the defendant's failure to comply with the technical notice requirements in cancelling the contract barred the plaintiff's action for

recovery of liquidated and other damages and attorney's fees, based on the defendant's alleged premature termination of the agreement entered into by the parties. The Court of Appeals concluded the defendant's failure to give proper notice of default allowed the plaintiff to assert its wrongful early termination claim for damages. Lager's, 247 Ga. App. at 264.

The Lager's court's discussion of notice provisions and the required compliance with them is instructive. The court in Lager's plainly stated that compliance with the terms of an agreement, including notice provisions, is a strong principal under Georgia law. The Court held: "The contract provides that before termination due to [the plaintiff's] deficient service, [the defendant] was required to provide [the plaintiff] a prompt, written complaint stating the precise nature of the deficiencies. [The defendant] did not do so . . . ." Id. at 262. But the Court of Appeals acknowledged that "the general rule in determining contract compliance is substantial compliance, not strict compliance." Id. at 261-62; see also Rome Healthcare, LLC v. Peach Healthcare Sys., Inc., 264 Ga. App. 265, 272 (2003). The Court also acknowledged that a party may be excused from compliance with a notice provision in an agreement as a predicate to termination of an agreement, if the termination is "based on a material breach, a substantial failure to perform" by

the party being terminated. Lager's, 247 Ga. App. at 263. The court explained how this principle applies to contract notice provisions: "A breach which is incidental and subordinate to the main purpose of the contract does not warrant termination nor does a mere breach of contract not so substantial and fundamental as to defeat the object of the parties in making the agreement." Id.[3] (quotations omitted).

While Asplundh appears to acknowledge it did not technically comply with the notice provisions in the Agreement, it claims it complied substantially or that Emeritis' breach of the Agreement was material and that it would have been futile[4] to provide the notice called for by the Agreement, and thus notice was excused. The Court has reviewed the allegations in the Complaint. The Complaint alleges (i)

---

[3] With respect to termination of agreements, the Georgia Court of Appeals has said: "Although in some circumstances this court has 'required strict compliance to terminate an agreement, these cases concerned termination notices that resulted in forfeiture of real property rights under a lease or easement, or revocation of a surety.'" Rome Healthcare, 264 Ga. App. at 272; see also DI Uniform Servs., Inc. v. United Water Unlimited Atlanta, LLC, 254 Ga. App. 317, 323 (2002).

[4] Asplundh has not provided authority under Georgia law that futility excuses notice of default and an opportunity to cure. While other states take this view, the Georgia courts have excused notice on futility grounds only where the party who argues it was entitled to notice had itself already terminated the contract. See Solitron Devices, Inc. v. Honeywell, Inc., 842 F.2d 274, 278 (11th Cir. 1998).

Defendant materially breached the Agreement; (ii) Plaintiff communicated to Defendant its decision to terminate, albeit not in the particular method called for by the Agreement; and (iii) Defendant would have been unable to correct its default even if notice had been given. Because each of these allegations, if true, may relieve Asplundh of providing the notice presented by the Agreement, dismissal of this claim pursuant to Rule 12(b)(6) is precluded.[5]

2. *Negligent misrepresentation and fraud*

Whether Plaintiff's fraud and negligent misrepresentation claims survive Defendant's motion to dismiss is a more difficult and close question. Defendant seeks dismissal of these claims on the grounds that Defendant's alleged misrepresentations either constitute an opinion or forecast future events and thus do not support statements on which a fraud claim may be based. Emeritis also alleges Asplundh did not reasonably rely on the misrepresentations alleged. Emeritis further claims that Asplundh's negligent misrepresentation claim is required to be dismissed because the claim essentially alleges negligence in fulfilling Emeritis'

---

[5] The parties' submissions forecast a substantial dispute on the notice issue and the litigants' respective performance and conduct pursuant to the Agreement. The Court does not express any opinion on the viability of Plaintiff's breach of contract claim.

duties under the Agreement. Emeritis argues that under Georgia law, where a tort is alleged, the tort, "presupposes the absence of an enforceable contractual relationship between the parties." Hendon Properties, LLC v. Cinema Dev., LLC, 275 Ga. App. 434, 439 (2005).

Plaintiff first claims it has alleged that Defendant made false statements of existing facts upon which it relied. It also alleges that Pennsylvania law applies, and under Pennsylvania law, a tort claim may be asserted even if the tort claim is closely related to a claim for breach of contract. The Court first evaluates whether the tort claims asserted are permitted in this action when they are centered around allegations regarding breach of an agreement entered into by the parties. The Court begins this inquiry by deciding which state law applies.

a. *Choice of law*[6]

Federal courts sitting in diversity apply the substantive law of the forum state, including the forum state's choice of law principles. Boardman Petroleum,

[6] Paragraph 21 of the Agreement, entitled "Governing Law" provides: "This Agreement and each SOW shall be governed by, and construed in accordance with, the substantive laws of the State of Georgia, conflicts of law excluded." (Agreement, attached to Compl. as Ex. A, at ¶ 21.) Neither party has argued this provision controls the choice of law question as it relates to the tort claims asserted.

Inc. v. Federated Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)). "The first step in determining whose law is to govern in a conflict situation is the characterization of what kind of case is involved. The law of the forum controls this." O'Neal v. Kennamer, 958 F.2d 1044, 1046 (11th Cir. 1992).

In the matter before the Court there are two types of claims: contract and tort. Paragraph 21 of the Agreement provides, and the parties do not dispute, that Georgia law applies to the interpretation of the Agreement regarding Plaintiff's breach of contract claim. The Court must decide which law applies to Plaintiff's tort claims.

In determining what law applies to a tort claim, "Georgia continues to apply the traditional choice of law principles of *lex loci delicti*. Mgmt. Sci. Am., Inc. v. NCR Corp., 765 F. Supp. 738, 739 (N.D. Ga. 1991) (citing Karimi v. Crowley, 172 Ga. App. 761, 762 (1984)). Under these principles, the "law of the place where the injury occurred . . . determines the substantive rights of the parties." Id. (citing Risdon Enters. Inc. v. Colemill Enters, Inc., 172 Ga. App. 902, 903 (1984)). Where the injury occurred is "the place where . . . there takes place the last event necessary to make an actor liable for an alleged tort." Id. "[T]he last event

necessary to make an actor liable for fraud is the injury, and consequently, for purposes of *lex loci delictis*, the place of the wrong is where that injury is sustained." IBM v. Kemp, 244 Ga. App. 638, 641 (2000). Here, the representations about which Plaintiff complains apparently resulted in losses to the company at its headquarters in Pennsylvania, and thus Pennsylvania law applies.[7]

b. *Viability of Plaintiff's Tort Claims*

The question now is whether the tort claims asserted by Plaintiff are allowed under Pennsylvania law where they relate to an alleged breach of contract entered into by the parties.[8] Under Pennsylvania law, "tort claims allegedly committed in the course of carrying out a contractual agreement are dismissible if the 'gist' of them sound in contract instead of tort." Quorum Health Res., Inc. v. Carbon-

---

[7] The parties do not directly address this issue. The Complaint alleges that Defendant is a Pennsylvania corporation with its principal place of business in Willow Grove, Pennsylvania. (Compl., at ¶ 1.) This being the only specific description of the location of Plaintiff's operations and considering the human resources nature of the software at issue, the Court concludes that the alleged failure to implement and resulting damage was suffered at Plaintiff's principal place of business in Pennsylvania.

[8] The Court observes that this action essentially derives from a contract entered into by sophisticated commercial parties. The Court is mindful of the general concern under the law in Pennsylvania, Georgia, and other states that a party not be allowed to convert contract disputes into tort actions. The Court also is mindful of the possibility that is what is occurring here.

Schuylkill Comm. Hosp., Inc., 49 F. Supp. 2d 430, 432 (E.D. Pa. 1999) (citations omitted). Tort claims are "maintainable only if the contract is collateral to conduct that is primarily tortious." Id. (citing Sunquest Info. Sys. v. Dean Witter Reynolds, 40 F. Supp. 2d 644, 651 (W.D. Pa. 1999) (quotations omitted). "Claims sound in contract if they arise from the breach of duties imposed by mutual consensus. By contrast, tort claims arise 'from the breach of duties imposed as a matter of social policy.'" Id. (citations omitted). That is, a party aggrieved by a breach of contract cannot try to mask its claim as a tort claim. Sunquest, 40 F. Supp.2d at 65; see also Weber Display and Packaging v. Providence Washington Ins. Co., No. Civ.A.02-7792, 2003 WL 329141 at *3 (E.D. Pa. Feb. 10, 2003). To apply the "gist of the action" doctrine in fraud cases, Pennsylvania courts distinguish between fraud in the performance of the contract and claims for fraud in the inducement. Etoll, Inc. v. Ellias/Savion Adver., 811 A.2d 10, 19 (Pa. Super. Ct. 2002) (suggesting that where fraud is used to induce a party to enter into a contract, the agreement is collateral to the fraud). Courts are cautioned against deciding whether the "gist of the action" is in contract or tort at the motion to dismiss stage. Caudill Seed & Warehouse Co. v. Prophet 21, Inc., 123 F. Supp. 2d 826, 834 (E.D. Pa. 2000).

In applying the "gist of the action" doctrine to the claims in this case, the Court has carefully reviewed the Complaint to determine the relationship of the contract and tort claims alleged. Plaintiff's tort claims are all based on representations made in connection with the services which are the subject of the Agreement. The representations fall into two groups. The first are those which Plaintiff alleges were made before the parties entered into the Agreement. They are contained in paragraph 8 of the Complaint and consist of representations that Emeritis was a "key SAP Partner," was "able to implement SAP's Accelerated SAP (ASAP) Methodology to complete this project" and "would be able to 'go-live' by January 1, 2006." (Compl., at ¶ 8.) These are the only representations Plaintiff alleges were made before entering into the Agreement and the only representations it alleges it relied upon in entering into the Agreement.

The second group are representations which Plaintiff alleges were made after the parties entered into the Agreement. They can generally be described as representations that certain work had been completed by the agreed upon Blueprint and Realizations milestones, that Defendant was preforming its work according to the initial SOW, and even when milestone and other interim deadlines were not met, that Defendant would meet the January 1, 2006, "go-live" date. (Compl., at ¶ 20-

45.) Within these paragraphs, Plaintiff alleges it made interim payments based on certain representations Defendant made.

In applying the "gist of the action" doctrine to both the negligent representation and the fraud claims, the Court finds that the representations which were made before the Agreement was executed and which Plaintiff alleges induced it to enter into the Agreement are not dismissible under the "gist of the action" doctrine. They are, under Pennsylvania law, based on a duty collateral to the contract and are not imposed by mutual consensus between the parties. See Phico, Ins. Co. v. Presbyterian Med. Servs. Corp., 663 A2d 753, 757 (Pa. Super. Ct. 1995); Etoll, 811 A.2d at 14. In fact, Plaintiff essentially alleges that the fraudulent inducement precluded a consensus because it would not have entered into the Agreement had Defendant not made the alleged wrongful representations. For this reason, Plaintiff's fraud claim based on the representations in paragraph 8 of the Complaint survive Defendant's motion.[9]

---

[9] In allowing the claim based on these representations to proceed, the Court expresses no opinion on the viability of the claim. The Court observes that certain representations as to future events, especially regarding Defendant's commitment to the go-live date, arguably are the kind of representation which courts have found do not support a claim of fraud. See Fuller v. Perry, 223 Ga. App. 129, 131 (1996); Equifax v. 1600 Peachtree, L.L.C., 268 Ga. App. 186, 195 (2004). The alleged

With respect to the separate alleged representations in paragraphs 20-45, the Court finds these are part and partial of Emeritis's performance of the Agreement. Each of them are representations regarding progress Emeritis claims it made or which it anticipated making in performing the services which are the subject of the Agreement. Thus, these alleged representations are not sufficiently collateral to the mutual consensus of the parties and thus are prohibited under the "gist of the action" doctrine.[10]

---

misrepresentations are permitted to go forward based on the representations regarding Defendant's SAP competence which Plaintiff claims was misrepresented. Whether Plaintiff's contract and fraudulent inducement are consistent claims, and whether they will be allowed fully to be prosecuted, is not a question that must be answered now.

[10] If Georgia law applied, it is likely the same result would be reached as that reached in applying the Pennsylvania "gist of the action" doctrine. Like Pennsylvania law, it is well-settled under Georgia law that mere failure to perform a contract does not constitute a tort. "If no liability is claimed except that arising out of a breach of the express terms of a contract, the action lies in contract alone; an action in tort will not lie." Swyters v. Motorola Employees Credit Union, 535 S.E.2d 508, 510 (Ga. Ct. App. 2000); see also Worsham v. Provident Cos., Inc., 249 F. Supp. 2d 1325, 1334 (N.D. Ga. 2002) (granting summary judgment on insured's tortious interference claim based on bad-faith denial of benefits because insured failed to "specify facts which would support a finding that [the insurer] owed her any duty independent of those created by the written insurance contract"); Arrow Exterminators, Inc. v. Zurich Am. Ins. Co., 136 F. Supp. 2d 1340, 1354-55 (N.D. Ga. 2001) (granting summary judgment on insured's negligence claims where insurer alleged negligence in processing of claim because the claims "raise[d] only breach of contract issues" and insured did not show a

The parties have not cited, and the Court is unaware of, any authority that the "gist of the action" doctrine allows a negligent misrepresentation claim where a party alleges a contract exists between the parties, and the negligent misrepresentations were made during performances of the contract.[11] The Court is also unaware of authority to support a cause of action under Pennsylvania or Georgia law for negligent inducement to enter into a contract. Accordingly, Plaintiff's negligent misrepresentation claim is required to be dismissed.

---

special relationship creating an independent duty); Wallace v. State Farm Fire & Cas. Ins. Co., 539 S.E.2d 509, 512 (Ga. Ct. App. 2000). As the Court of Appeals stated in Delancy v. St. Paul Fire & Maine, Ins. Co., "[u]nder Georgia law, a plaintiff may not sue in tort for a defendant's mere breach of a duty imposed by contract." 947 F.2d 1536, 1545 (11th Cir. 1991). The court further held that a tort claim may be asserted where a contract exists only where the "duty imposed by tort law [is] independent of the contract, the duty is imposed to avoid harming the plaintiff, and the plaintiff sustains damages other than the loss of the benefit of the contract . . . ." Id. Put another way, the duty must be one independent of the contract allowing the plaintiff to recover damages "other than damages covered by the . . . contract." Id. at 1546 (citations omitted). Under Georgia law it is likely Plaintiff's fraudulent inducement claim would survive, but its fraud claim based on the alleged representations made during the consulting work would not.

Under Georgia law, Asplundh's negligent misrepresentation claim also has questionable viability. "Negligent misrepresentation, being a tort, presupposes the absence of an enforceable contractual relationship between the parties." Hendon, 275 Ga. App. at 439.

[11] Plaintiff alleges the parties here entered into the Agreement. (Compl., at ¶ 8, Ex. A.)

3. *Punitive Damages*

Finally, the Court considers the question of punitive damages.[12] Neither party has sufficiently addressed this issue in the context of Georgia or Pennsylvania law.

The parties to this litigation entered into an Agreement which contained a comprehensive and expansive "Limitation of Damages" provision. (Agreement, attached to Compl. as Ex. A, at ¶ 8.) Plaintiff agreed:

> Emeritis, its principals, members and employees shall not be liable to [Asplundh] for any actions, liabilities, costs, expenses, or losses in any way arising out of or relating to the Services performed under a Statement of Work for an aggregate amount in excess of three (3) times the fees paid by [Asplundh] . . . under such Statement of Work. IN NO EVENT SHALL EMERITIS, ITS PRINCIPALS, MEMBERS OR EMPLOYEES BE LIABLE FOR CONSEQUENTIAL, SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR EXEMPLARY DAMAGES, COSTS, EXPENSES, OR LOSSES (INCLUDING WITHOUT LIMITATION, LOST PROFITS AND OPPORTUNITY COSTS) NOR SHALL THEY BE LIABLE FOR ANY CLAIM OR DEMAND AGAINST [ASPLUNDH] BY ANY THIRD PARTY. The provisions of this Paragraph shall apply regardless of the form of action, damage, claim, liability,

[12] Plaintiff has limited its demand for an award of punitive damages to its fraud claim. (Pl. Memorandum in Opp. to Def. Mot. to Dismiss [11], at 24.).

> cost, expense, or loss, whether in contract, statute, tort (including, without limitation, negligence), or otherwise.

(Id.) Emeritis argues this limitation precludes a punitive damages award. Under Georgia law,[13] to impose punitive damages "there must be 'evidence of wilful misconduct, malice, fraud, wantoness or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.'" Wammock v. Celotex Corp., 835 F.2d 818, 821 (11th Cir. 1991). "Punitive damages cannot be awarded for mere negligence." Id. A party generally may not exculpate one-self by contract from liability for gross negligence or an intentional act. Wade v. Watson, 527 F. Supp. 1049, 1051 (N.D. Ga. 1981) aff'd, 731 F.2d 890 (11th Cir. 1984); see Harris v. National Evaluation Sys. Inc., 719 F. Supp. 1081, 1084 (N.D. Ga. 1984).[14] This Court finds that paragraph 8 of the Agreement cannot be applied to exclude a claim for punitive damages, assuming Asplundh can meet the showing required to prove fraud.

Accordingly,

---

[13] As noted before, the parties agree that Georgia law applies to the interpretation of the Agreement.

[14] While these are cases involving gross negligence, the Court concludes they equally apply to claims of fraud.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [8] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** with respect to Plaintiff's fraud claim except the fraudulent representations alleged in support of Plaintiff's fraudulent inducement allegation. The motion also is **GRANTED** with respect to Plaintiff's negligent misrepresentation claim. The motion is **DENIED** with respect to Plaintiff's breach of contract and punitive damages claim.

**SO ORDERED** this 27th day of June, 2006.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE